UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **OCEAN SKY INTERNATIONAL L L C, ET AL** | **CIVIL ACTION NO. 3:18-cv-528** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LIMU CO., L L C, ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# RULING

Before the Court is a Motion For Clarification [Doc. No. 332] filed by Plaintiff and Counter-Defendants Ocean Sky International, Inc. ("Ocean Sky") and Suni Enterprises, Inc. ("Suni") and by Counter-Defendants Shannon Pardue and Rachette Pardue ("collectively Pardues").

An Opposition [Doc. No. 337] was filed by LIMU on July 6, 2021 and a Reply [Doc. No. 341] was filed by Ocean Sky, Suni and the Pardues on July 13, 2021.

For the reasons set forth herein, the Motion is GRANTED-IN-PART AND DENIED-IN-PART.

## I.   BACKGROUND

This case involves a suit by Ocean Sky and Suni against LIMU and Gary Raser for alleged breach of contract, misrepresentation and detrimental reliance as a result of the termination of Ocean Sky and Suni by LIMU and Raser. LIMU filed a Counter-claim against Ocean Sky and Suni and later added claims against the Pardues for alleged breach of contract, misrepresentation and violation of a non-solicitation agreement.

LIMU is a multi-level marketing company which manufactures and distributes dietary supplements worldwide. LIMU markets and sells products through a network of independent

distributors, who are paid through a compensation plan, which provides for a structured series of rankings, commission and bonuses based upon their sales volumes and sales of distributors placed beneath them.[1]

The parties became embroiled in a discovery dispute whether LIMU had produced an accurate and complete listing of Ocean Sky's downline. Ocean Sky maintained LIMU was failing to reveal approximately 40,000 distributors in Ocean Sky's downline, which allegedly would reduce Ocean Sky's damage claim. LIMU claimed that the downlines were complete. LIMU continued to maintain Plaintiff's downlines were complete from April 24, 2019 until December 2, 2020.[2]

Ultimately, Ocean Sky was proven to be correct within two weeks after Magistrate Judge Hayes ordered LIMU to provide Ocean Sky with access to backup copies of the three databases that LIMU used to provide responses to discovery request. LIMU produced a new document to Plaintiffs which included the missing information.

This resulted in Plaintiff's filing a Motion for Sanctions against LIMU. In a thirty-four (34) page Report and Recommendation ("R&R") [Doc. No. 324], Magistrate Judge Kayla McClusky recommended sanctions, fees and cost award of $50,000.00 to be issued against LIMU. The R&R was adopted by this Court [Doc. No. 327] on May 17, 2021.

In the R&R, Judge McClusky found that Plaintiffs had incurred a total of $30,826.50 in attorney's fees and cost associated with the motion for sanctions. In recommending a sanction of $19,173.50 more than Plaintiff's cost and expenses, Judge McClusky ruled:

> However, consistent with Defendant's request, the undersigned intends to permit revised reports from the damage experts for both sides, premised upon the corrected versions of Plaintiff's downlines. As such, some of

---

[1] The "downline."
[2] A detailed summary of the history regarding this issue can be found on page 1-10 of Judge McClusky's Report and Recommendation

> the work already performed by Plaintiff's damages expert on his own report, will be redundant and outdated. Plaintiffs should receive at least some compensation to cover the cost of this exercise that was materially undermined by LIMU's bad faith discovery practices.
>
> [Doc. No. 324, p. 32].

Thereafter, at a scheduling conference held on May 27, 2021 [Doc. No. 330], the parties disputed whether or not the experts were limited to revising their reports to only update the effect of the missing information in Ocean Sky's downline.

This Motion for Clarification followed. The issue is whether the adoption of the R&R [Doc. No. 324] in any way restricted the parties abilities to amend their expert damage report.

## II.     ANALYSIS

The Scheduling Order [Doc. No. 331] in effect in this case states that Plaintiff's Expert Info/Reports are due by August 24, 2021 and that the Defendant's Expert Info/Reports are due by September 8, 2021. Therefore, the deadlines have not expired.

The expert reports at issue are reports of Plaintiff's expert, Derk G. Rasmussen ("Rassmussen") [Doc. No. 333, Exh. A & C] and the report of Defendant's expert, Ted P. Tatos ("Tatos") [Doc. No. 333, Exh. B]. Plaintiffs argue if Tatos is allowed to amend his report, it would give Defendant's a strategic advantage. Rasmussen's Rebuttal Report [Doc. No. 333, Exh. C] pointed out alleged errors he believed Tatos had made. Plaintiffs believe it would be unfair to allow Tatos to amend his report to include information other than the missing downlines after the Rebuttal Report especially in light of Defendants' discovery violations.

Defendant's maintain that the R&R did not restrict the amendment of the reports, argues this motion is procedurally improper, and that this would be an additional sanction on top of the $50,000.00 sanction. Defendants further argue that they should be allowed the same opportunity to amend expert reports as the Plaintiffs.

3

Despite the Defendant's discovery violations, the adopted R&R does not contain limitations on amendment of the expert reports. The Scheduling Order deadline for providing expert reports by Defendants does not expire until September 8, 2021.

Additionally, Plaintiffs were paid $19,173.50 more than their cost and attorney's fees to revise the report. This is a judge trial, and if relevant, alleged errors in Tato's report can still be pointed out or by cross-examination at trial.

However, to avoid prejudice to Plaintiffs as a result of Defendant's failure to turn over the complete timeline, the Scheduling Order [Doc. No. 331] is amended as follows:

> Plaintiff's Expert Inf/Report due by 8/24/2021.
>
> Defendant's Expert Info/Reports due by 9/1/2021.
>
> Plaintiff's Expert Rebuttal Reports due by 9/8/2021.
>
> All other deadlines in the Scheduling Order remain the same.

**Monroe, Louisiana,** this 22 day of July, 2021.

                                              **TERRY A. DOUGHTY**
                                              **UNITED STATES DISTRICT JUDGE**